IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS JR.,

    Plaintiff,

  v.                                           No. CIV 10-0050 LH/DJS

SOUTHWEST COUNSELING CENTER INC.,
LAS CRUCES POLICE DEPT.,
DONA ANA COUNTY,
DONA ANA COUNTY DETENTION CENTER,
PRISON HEALTH SERVICES INC,
NEW MEXICO CORRECTIONS DEPT.,
CMS, INC. (prison medical providers),
N.M. PUBLIC DEFENDER'S OFFICES OF
ALBUQUERQUE AND LAS CRUCES,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and asserts five Claims arising from Plaintiff's arrest, prosecution, and conditions of confinement. Plaintiff alleges that he was falsely arrested and imprisoned as a result of assessments of his mental condition by unqualified personnel. He alleges that a taser was wrongfully used against him during his arrest. Detention center officials prevented him from being timely arraigned and denied him medical treatment for serious medical conditions. He has also been subjected to numerous violations during probation and parole proceedings. Plaintiff states that he has "filed a veritable barrage of Informal Complaints and Grievances" but has not exhausted available administrative remedies. The complaint seeks injunctive relief, including an order for Plaintiff's release from confinement, and damages.

No relief is available on Plaintiff's Claim I for false arrest and imprisonment. "[C]laims of false arrest, false imprisonment, and malicious prosecution must be premised on a lack of probable cause," *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004), as evidenced by "termination of the challenged criminal proceedings in [Plaintiff]'s favor," *Garey, Jr. v. Romero*, No. 09-2218, 2010 WL 175938, at *2 (10th Cir. Jan. 20, 2010) (citations omitted). Here, Plaintiff remains incarcerated on his conviction and revoked probation, and the Court will dismiss his claim of false arrest and imprisonment.

Plaintiff alleges in Claim II that Las Cruces Police Officers Baca and Valdez used excessive force when they arrested him. These Defendants are identified on page 2 of the complaint and will be added to the docket. Plaintiff also names the Las Cruces Police Department as a Defendant.

2

Claims against a municipal police department are typically construed as directed at the municipality itself. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Here, however, the complaint makes no allegation that the excessive force was used pursuant to a municipal custom or policy, *see Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007), and the Court will dismiss this claim against Defendant Las Cruces Police Department.

Plaintiff may not prosecute Claims III and IV arising from conditions of his confinement unless he has exhausted available administrative remedies. *See* 42 U.S.C. § 1997e(a). Typically, the issue of non-exhaustion must be raised as an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, however, Plaintiff expressly states that he has not exhausted those remedies. "If it is clear on the face of [the] complaint that [Plaintiff] had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [Plaintiff]." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (citing *Acquilar-Avellaveda*, 478 F.3d 1223, 1225 (10th Cir. 2007). Because Plaintiff's complaint states that he has not exhausted his available administrative remedies, the Court raises the issue *sua sponte* and will require him to show cause why Claims III and IV should not be dismissed. Furthermore, these claims are brought against Defendant Dona Ana County Detention Center, which is not a suable entity. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued."). The Court will dismiss Plaintiff's claims against Defendant Dona Ana County Detention Center.

Plaintiff's allegations of violations in his probation revocation proceedings do not support a claim under § 1983. These allegations appear to call into question the constitutionality of the proceedings by which Plaintiff is incarcerated. This claim is barred under the decision in *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *and see Mueller v. Wark*, No. 97-3348, 1998 WL 614464, at *1 (10th Cir. Sept. 8, 1998). The complaint does not allege that Plaintiff's probation revocation has been set aside, *cf. Heck*, 512 U.S. at 486-87, and thus his allegations fail to state a cognizable claim under § 1983, *cf. Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001). The Court will dismiss Claim V. *But cf. Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Last, no relief is available on Plaintiff's § 1983 claims in support of his request for an order of release and for restoration of probation and parole. In this context, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court will dismiss these claims.

IT IS THEREFORE ORDERED that Plaintiff's Claims I and V, and his claims for injunctive relief, are DISMISSED;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this order, Plaintiff respond to this order showing cause, if any, why Claims III and IV should not be dismissed for failure to exhaust available administrative remedies;

IT IS FURTHER ORDERED that the Clerk is directed to correct the docket by adding

Defendants Gerald Baca and Ofc. Valdez to the case caption; and notice and waiver of service forms will be issued for Defendants Baca and Valdez on Claim II;

IT IS FURTHER ORDERED that Defendants Southwest Counseling Center Inc., Las Cruces Police Dept., Dona Ana County Detention Center, New Mexico Corrections Dept., and N.M. Public Defender's Offices of Albuquerque and Las Cruces are DISMISSED as parties to this action.

_____
SENIOR UNITED STATES DISTRICT JUDGE