**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


HAROLD L. MORRIS, JR.,

       Plaintiff,

v.                                       No. CV 10-0050 LH/DJS

LCPD OFFICER BACA,
LCPD OFFICER VALDEZ,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

       This matter is before the Court on Plaintiff's Motion For Joinder Of Parties (Doc. 11) and Motion To Show Cause And Amend Complaint (Doc. 14). Plaintiff filed the motions after the Court entered its order (Doc. 10) dismissing certain claims and Defendants. Plaintiff's joinder motion asks that additional Defendants be added to the docket on his original claims. The motion to amend seeks leave to bring several new claims and add at least one Defendant. Both motions are governed by rule 15 of the Federal Rules of Civil Procedure. *See Travelers Indem. Co. v. United States ex. rel. Constr. Specialties Co.*, 382 F.2d 103, 105-06 (10th Cir. 1967); *and cf. Price v. Cochran*, 66 F. App'x 781, 790 (10th Cir. 2003); *English v. Seaboard Coast Line R.R. Co.*, 465 F.2d 43, 47 (5th Cir. 1972) ("When the court decides under Rule 19(a) that a person should be joined the court should direct the plaintiff to amend his complaint to add the person."). Plaintiff also alleges that he has exhausted available administrative remedies.

       Plaintiff's joinder motion seeks to add Defendants on his original claims. These previously unnamed Defendants are GEO Group, Inc., attorneys Elizabeth Hubbard and Jacqueline Cooper, the

City of Las Cruces, Dona Ana County County Board of Commissioners for Dona Ana County, and Warden Chris Barela. The motion makes only conclusory allegations against these purported Defendants, e.g., "apparent that . . . officers were not adequately trained," "Public Defenders . . . violated Rules of Professional Conduct," "culpability has been established through case number CIV 6:08-10 WJ/KBM." As the Court of Appeals for the Tenth Circuit has stated, "We have long held that such a request 'must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment.' Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999)). The Court will deny the motion for joinder.

Plaintiff asks to amend or supplement his complaint with claims of retaliatory denial of access to the courts, denial of religious freedom, and mail tampering. He names only one additional Defendant, Lt. Rodgers, in these claims. The motion will be granted, and Claims VI, VII, and VIII (as set out in the motion) will be construed as part of Plaintiff's complaint. Plaintiff will be allowed fourteen days to identify Defendants allegedly responsible for Claims VI and VII; failure to comply with this order may result in dismissal of these claims.

Plaintiff also responds to the Court's order (Doc. 10) that required him to show cause why Claims III and IV should not be dismissed for failure to exhaust administrative remedies. He now alleges that remedies were exhausted or were not "available" for purposes of 42 U.S.C. § 1997e. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Based on Plaintiff's allegations, the show-cause portion of the earlier order (Doc. 10) will be quashed without prejudice to Defendants' right to raise the issue of non-exhaustion of administrative remedies. As above, Plaintiff's complaint fails to identify individual Defendants as to Claims III and IV. He will be allowed fourteen days to

identify Defendants responsible for the alleged violations; failure to comply may result in dismissal of these claims.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Joinder Of Parties (Doc. 11) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion To Show Cause And Amend Complaint (Doc. 14) is GRANTED; Claims VI, VII, and VIII in the motion are construed as a supplemental part of Plaintiff's complaint; the Clerk is directed to add STIU Lt. Rodgers to the docket as a Defendant and to issue notice and waiver of service forms, with copies of the complaint and the motion to amend (Doc. 14), for Defendant Rodgers;

IT IS FURTHER ORDERED that the show-cause portion of the earlier order (Doc. 10) is QUASHED without prejudice to Defendants' right to raise the issue of non-exhaustion of administrative remedies;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Plaintiff identify individual Defendants responsible for the alleged violations in Claims III, IV, VI, and VII.

_____

SENIOR UNITED STATES DISTRICT JUDGE