IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS, JR.,

    Plaintiff,

v.                                                                  Case No. 2:10-cv-50 LH/DJS

LCPD OFFICER BACA,
LCPD OFFICER VALDEZ, and
LT. RODGERS,

    Defendants.

## ORDER FOR *MARTINEZ* REPORTS

THIS MATTER comes before the Court on consideration of the above-captioned civil rights action. Plaintiff Harold L. Morris alleges in his complaint that Defendants Gilbert Baca and Narciso Valdez, both officers with the Las Cruces Police Department, subjected him to excessive force in connection with an arrest on March 31, 2009. [Doc. 1 at 2, 4.] In a separate pleading, Morris alleges that Defendant Lt. Rodgers tampered with his mail by attempting to return two cashier's checks issued from Morris's credit union account. [Doc. 14 at 3, 16.]

In a case brought by a prisoner proceeding *pro se*, the court may order the defendants to submit a special report (*Martinez* report) to investigate the incident or incidents that form the basis for plaintiff's lawsuit. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)). The Tenth Circuit has authorized the district court to require a *Martinez r*eport to develop a factual or legal basis for determining whether an inmate plaintiff has a meritorious claim. *See Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of procedural situations, including entry of summary judgment. *See Christensen v. Big Horn County Bd. of County Comm'rs*, 374 F.App'x 821, 825 (10th Cir. 2010) (unpublished) (collecting cases).

The Court finds that additional information would be helpful in evaluating and addressing Plaintiff's claims. Defendants shall therefore prepare and submit *Martinez* reports, as described below, to aid the court in evaluating Plaintiff's claims.

**Defendants Baca and Valdez**

Defendants Baca and Valdez shall jointly submit a single *Martinez* report that addresses the following matters related to the claims against them:

1. The basis for Plaintiff's arrest described in the complaint;

2. Any visual recordings, audio recordings, or transcripts related to the arrest; witness statements and police reports related to the arrest; jail booking reports, booking photographs, and medical reports from any examinations of Plaintiff prior to or upon acceptance into custody;

3. Any requests for medical care Plaintiff made while in custody. Defendants Baca and Valdez shall provide copies of any medical reports and any requests for care, including "sick slips" which date from the arrest to 30 days thereafter;

4. The findings of any investigations conducted with regard to Plaintiff's arrest on or about March 31, 2009, and the use of force to effect the arrest;

5. Any defenses Defendants wish to pursue including, but not limited to, qualified immunity; and

6. Any other items or matters pertinent to March 31, 2009 arrest.

**Defendant Rodgers**

Defendant Rodgers shall submit a *Martinez* report that addresses:

1. All Plaintiff's allegations against him;

2. Any defenses Rodgers wishes to pursue including, but not limited to, failure to

>    exhaust;
>
> 3. Whether documents or other records pertaining to the allegations exist and whether prison policies or regulations address the situation; and
>
> 4. If documents and records do exist, Defendant Rodgers shall include copies of them as attachments to the *Martinez* report, including but not limited to: all correspondence between prison personnel and those seeking to send mail to the Plaintiff, any records of Plaintiff's complaints about mail service, and any copies or records of mail addressed to the Plaintiff that was rejected or returned.

All Defendants must provide affidavits to properly authenticate documents attached to the *Martinez* reports. They also may submit other affidavits or attachments in support of the *Martinez* reports. The attachments should be arranged in a logical order, indexed, and Bates-stamped or otherwise numbered. Documents in support of the *Martinez* reports should be submitted simultaneously with the reports. The submission of documents alone without an accompanying report will not be in compliance with this order.

In addition, Defendants shall provide a *Vaughn* index[1] which includes a substantial description of any documents Defendants contend should not be disclosed. *In camera* review of those documents may be required by further Court order.

Defendants shall file and serve their *Martinez* reports no later than October 13, 2011. Plaintiff shall respond separately to each *Martinez* report, and shall file and serve his responses no later than November 14, 2011. Defendants shall file and serve their replies, if any, no later than December 5, 2011.

---

[1] "A *Vaughn* index is a compilation prepared by the government agency...listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973)).

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* reports may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*. The parties therefore should submit whatever materials they consider relevant to the claims and defenses.  *See Hall*, 935 F.2d at 1110–11.**

                                                    _____
                                                    **DON J. SVET**
                                                    **United States Magistrate Judge**