# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**HAROLD L. MORRIS, JR.,**

    **Plaintiff,**

**v.**                                               **No. 10-cv-0050 LH/SMV**

**SOUTHWEST COUNSELING CENTER, INC., et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Letter to the Court, filed January 11, 2012. [Doc. 45] ("Motion to Reinstate and Amend" or "Motion"). The Court construes the letter as a motion to reinstate a claim against Jai Walton, to amend the Complaint to include a new medical claim against current Defendants, and to join certain other individuals and entities as defendants.

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. Prisoner's Civil Rights Complaint [Doc. 1] ("Complaint") at 2. Plaintiff is incarcerated, appearing pro se, and proceeding *in forma pauperis*. Complaint [Doc. 1] at 1; Order [Doc. 9]. He filed his original Complaint on January 19, 2010. Complaint [Doc. 1] at 1. By his present Motion, Plaintiff seeks to reinstate a "denial of legal access" claim against Jai Walton, Motion to Reinstate and Amend [Doc. 45] at 1, which was dismissed without prejudice on August 8, 2011. *See* Order Dismissing Certain Claims [Doc. 28].

In addition, Plaintiff now seeks to amend his Complaint to add a new medical claim against certain current Defendants, and to join other individuals and entities as defendants under

the same medical claim.  Motion to Reinstate and Amend [Doc. 45] at 1–2.[1]  Plaintiff's medical

claim is broad and unfocused, but can be read as stating causes of action under the Eighth

Amendment of the United States Constitution as well as for medical negligence.  First, he

characterizes his medical claim as one for violating his right against cruel and unusual

punishment, asserting that all of the parties are liable for denying Plaintiff medical attention from

December, 2009, to March, 2010, when he suffered "multiple untreated, mistreated, and

inadequately treated sickle cell episodes."  *See id.* at 2.[2]  Second, he characterizes the deprivation

of medical care as "[g]ross [m]edical [n]eglect."  *Id.*  Plaintiff seeks to amend his Complaint to

assert his medical claim against the following:

1.  The GEO Group;

2.  Doña Ana County Board of Commissioners;

3.  Prison Health Services;

4.  Correctional Medical Services;

5.  Southwest Counseling Center, Inc.;

---

[1]  The present claim of denial of medical care is strikingly similar to Plaintiff's previously dismissed claim of denial of medical care, but it differs in two significant ways.  Plaintiff's previous claim, which appeared under "Claim IV" of the original Complaint, alleged both denial of medical care for injuries arising from Plaintiff's sickle cell anemia during the period from April, 2009, to September, 2009, as well as delay in a psychiatric evaluation from March, 2009, to July, 2009.  [Doc. 1] at 6.  Claim IV was ultimately dismissed based on his failure to name individuals who were responsible for the alleged violations.  Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 2.  The present medical claim differs in that the present claim does not raise denial of psychiatric evaluation, and also in that the alleged deprivation occurred from December, 2009, to March, 2010.  Motion to Reinstate and Amend [Doc. 45] at 2.  Given the differences between Plaintiff's previously dismissed medical claim and the present one, I construe the portion of his Motion that seeks to add a medical claim as a motion to amend his Complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1119 (10th Cir. 1991) (a pro se litigant's filings are to be construed liberally and held to a less stringent standard than filings drafted by attorneys).

[2]  Nowhere in the Motion to Reinstate and Remand [Doc. 45] does Plaintiff cite to the Eighth Amendment; however, he states, "said [p]arties . . . have consistently [p]unished me [c]ruelly and [u]nusually."  *Id.* at 2.  I therefore liberally construe his medical claim to assert a § 1983 cause of action under the Cruel and Unusual Punishment Clause of the Eighth Amendment.  *See Hall*, 935 F.2d at 1109; *Martinez v. Beggs*, 563 F.3d 1082, 1087 (10th Cir. 2009) (in a § 1983 action, a claim of denial of medical care may arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment).

6.  the New Mexico Corrections Department;

7.  Chris Barela, "Administrator" of the Doña Ana County Detention Center ("DACDC"); and

8.  the DACDC.

*Id.* at 1 (listing the parties).

For the reasons set forth below, I recommend that Plaintiff's Motion to Reinstate and Amend [Doc. 45] be GRANTED IN PART to the extent that it seeks to reinstate the denial-of-access-to-legal-materials claim against Jai Walton, GRANTED IN PART to the extent that it seeks to substitute Defendant "Doña Ana County Board of County Commissioners" in place of "Doña Ana County," and DENIED IN PART to the extent that it seeks to amend the Complaint by adding a new medical claim against current and proposed Defendants. Because of the substantial number of different parties that Plaintiff identifies in his Motion, the background of each party's posture in relation to this case will be discussed separately.

## I.   Reinstating the Denial-of-Access-to-Legal-Materials Claim against Jai Walton

When the original Complaint was filed, Jai Walton was not named as a defendant. Complaint [Doc. 1] at 1. On August 20, 2010, the Honorable C. LeRoy Hansen, Senior United States District Judge, issued an order dismissing certain claims and ordering Plaintiff to identify the individuals responsible for the violations alleged in Claims III, IV, VI, and VII of the Complaint. Memorandum Opinion and Order [Doc. 18] at 3.[3] In his Response to Judge Hansen's Order, Plaintiff identified "paralegal Jai Walton" as one of those individuals.

---

[3] Claims VI and VII were raised for the first time in Plaintiff's Combined Motion to Show Cause and Amend Complaint [Doc. 14]. Judge Hansen construed them as part of the Complaint, Order [Doc. 18] at 2, and so I treat them as such.

[Doc. 19] at 3.  Accordingly, on May 5, 2011, Judge Hansen issued an order that, among other things, directed the Clerk of the Court to add Jai Walton as a defendant, and to issue notice and waiver of service forms for her.  Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 2.

Notice and waiver of service forms were subsequently mailed to Defendant Walton at the Guadalupe County Correctional Facility.  *See* [Doc. 23] at 4.  They were returned as "Undeliverable – No longer at this facility."  *Id.* at 1.  On July 7, 2011, the Honorable Don J. Svet, United States Magistrate Judge, issued a Memorandum Opinion and Order, sua sponte, directing Plaintiff to produce an address where Walton could be served.  Memorandum Opinion and Order [Doc. 26] at 1.  The Order put Plaintiff on notice that failure to provide Walton's current address within 30 days could result in dismissal of the claims against her without further notice.  *Id.*  Plaintiff did not cure the deficiency.  Order Dismissing Certain Claims [Doc. 28].  As a result, on August 18, 2011, Judge Hansen dismissed Plaintiff's claims against Defendant Walton without prejudice.  *Id.*

On January 11, 2012, Plaintiff wrote to the Court,

> I have learned, to my horror, that Jai Walton, formerly a defendant in [this case], in which I am the Plaintiff, is still employed at the Central New Mexico Correctional Facility where I am currently incarcerated and she is still the Legal Access Monitor here.  I hereby request that my claims against her be resurrected as she previously evaded service at this, her correct and current work address.

Motion to Reinstate [Doc. 45] at 1.  I note that Plaintiff states that Ms. Walton is "still" at the Central New Mexico Correctional Facility (located in Los Lunas, New Mexico), whereas the Notice and Waiver of Service forms were mailed to her at the Guadalupe County Correctional

Facility (located in Santa Rosa, New Mexico). *See* [Doc. 23] at 2. It is unclear why service was attempted upon her at the Guadalupe County Correctional Facility.[4] However, given the fact that Plaintiff has been transferred among several correctional facilities, including Guadalupe County, *see* [Doc. 19] at 2, and the fact that the pleading in which he identifies Ms. Walton as a potential defendant is not clear as to where she was located, *see id.* at 2–3, it is not surprising that an error was made. In any event, I cannot say that the fault lies with the Plaintiff. Therefore, I find that his request to reinstate his denial-of-access-to-legal-materials claim against Jai Walton is not unreasonable and recommend that it be granted.

## II.  Amending the Complaint to Include the New Medical Claim

Leave to amend is a matter committed to the sound discretion of the district court. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987). Courts may deny leave to amend if the amendment would be futile. *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). Moreover, the liberal reading of a pro se litigant's filing does not relieve the litigant of the burden of alleging sufficient facts on which a claim could be based; therefore, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," and are thus futile. *Hall*, 935 F.2d at 1110.

---

[4] It is equally unclear why Plaintiff claims that Ms. Walton evaded service at the Los Lunas facility. I could find nothing in the record indicating that service was attempted upon her anywhere other than the Guadalupe County Correctional Facility. *See* [Doc. 23].

### a.  The GEO Group

The GEO Group has never been a party to this case despite Plaintiff's repeated attempts to join it as a defendant.  Plaintiff first attempted to join the GEO Group on April 27, 2010, for allegedly interfering in his identification of parties responsible for the violations alleged in his original Complaint.  *See* Plaintiff's Motion for Joinder of Parties [Doc. 11] at 1.  Plaintiff also alleged that the GEO Group was liable for his denial-of-access-to-legal-materials claim. Plaintiff's Combined Motion to Show Cause and Amend Complaint [Doc. 14] at 3.  On August 20, 2010, Judge Hansen simultaneously denied Plaintiff's motion to join the GEO Group and gave Plaintiff 14 days to identify those individuals allegedly responsible for the denial-of-access-to-legal-materials claim.  Memorandum Opinion and Order [Doc. 18] 1–2, 3.  Joinder of the GEO Group was denied because Plaintiff failed to allege facts sufficient to state a claim against it.  *Id.* at 2.

On September 10, 2010, Plaintiff again moved to join the GEO Group pursuant to his denial-of-access-to-legal-materials claim.  Plaintiff's Response to Second Memorandum Opinion and Order [Doc. 19] at 3.  Judge Hansen dismissed several of Plaintiff's claims and granted Plaintiff's motion only insofar as it alleged that Jai Walton denied Plaintiff access to legal materials; no other Defendant was joined pursuant to that claim.  *See* Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 2.  Though the Court did not specifically address the GEO Group, it was not joined.  *Id.*  Presently, Plaintiff alleges that the GEO Group is "directly responsible" for denying him medical care from December 2009, to March, 2010. Motion to Reinstate and Amend [Doc. 45] at 1.

In *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691, 694 (1978), the Supreme Court held that a municipality cannot be held liable under 42 U.S.C. § 1983 merely because it employs a tortfeasor; rather, to be liable, the municipality must have a policy or custom that caused the constitutional tort.   While *Monell* itself applied to municipal governments, it is now settled that *Monell* also extends to private entities acting under color of state law when they are sued pursuant to § 1983.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).  Accordingly, in order to hold a private entity acting under the color of state law liable for the alleged unconstitutional acts of its employees, a plaintiff must show that the entity "directly caused the constitutional violation by instituting an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violations." *See Smedley v. Corr. Corp. of America*, No. 04-5113, 175 F. App'x 943, 946, 2005 WL 3475806, at *2 (10th Cir. Dec. 20, 2005) (unpublished) (internal quotation marks omitted).

Plaintiff has failed to state a claim against the GEO Group.  Specifically, Plaintiff has not alleged, much less shown, that there was a policy or custom that was the moving force behind the alleged violation.  I therefore recommend denying Plaintiff's Motion insofar as it seeks to join the GEO Group as a defendant.

### b.  Doña Ana County Board of County Commissioners

Doña Ana County ("the County") was named as a defendant in the original Complaint. Complaint [Doc. 1] at 1.  It remains as a party to the case.  Plaintiff now seeks to add "the Doña Ana County Board of Commissioners" as a party to the suit.  Motion to Reinstate and Amend [Doc. 45] at 1.  Under New Mexico law, a suit against a county "shall" name the defendant county as "the board of county commissioners of [the respective county]."   NMSA 1978,

§ 4-46-1.  Therefore, it is unnecessary and redundant to name *both* the Doña Ana County Board of Commissioners *and* Doña Ana County as defendants because they are one and the same. Plaintiff has named Defendant Doña Ana County in his Complaint.  The Court will construe this portion of the Motion as a motion to substitute "Doña Ana County Board of County Commissioners" in place of "Doña Ana County."  I recommend that the Motion be granted to that extent.

Insofar as the Motion seeks to amend the Complaint to add the medical negligence claim against the County, the Motion fails to state a claim.  For the County to be liable for a violation arising under § 1983, Plaintiff has to sufficiently allege a "policy or custom" by the County that directly caused the alleged violations.  *See Monell*, 436 U.S. at 694.  Plaintiff has failed to allege, much less show, that the County promulgated such a policy or custom.  Nor has Plaintiff alleged that one of the County's individual employees committed the alleged constitutional violation, which is also required to establish municipal liability.  *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).  Amending the Complaint to include the present medical claim against the County would therefore be futile.  Accordingly, I recommend denying the Motion insofar as it seeks to hold the County liable for Plaintiff's new medical claim.

### c.  Prison Health Services and Correctional Medical Services

Presently, both Correctional Medical Services (under the name "CMS, Inc.") and Prison Health Services are named defendants in this case, Complaint [Doc. 1] at 1, and neither has been dismissed thus far.  Regardless, Plaintiff's Motion seems to request that both entities be reinstated or joined as defendants.  *See* Motion to Reinstate or Reconsider [Doc. 45] at 1.  Such relief is redundant where both of these parties are already named Defendants.  Hence, I

recommend denying Plaintiff's Motion to Reinstate and Amend [Doc. 45] to the extent that it can be read to join Prison Health Services and Correctional Medical Services.

To the extent that the Motion seeks to amend the Complaint to add a medical negligence claim against Prison Health Services and Correctional Medical Services, the Motion fails to state a claim against either of these Defendants. Plaintiff has not alleged, much less averred facts that show, the existence of a "policy or custom" that directly caused the alleged violation. *See Dubbs*, 336 F.3d at 1216. Instead, Plaintiff merely asserts, without any factual support, that these two entities are "directly responsible" for the alleged violation. This does not state a claim upon which relief can be granted. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219 (10th Cir. 2011) ("[P]laintiffs must offer enough specific factual allegations to 'nudge[] their claims across the line from conceivable to plausible." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (second alteration in original)). Plaintiff has therefore failed to state a claim against either of these Defendants. Accordingly, I recommend that Plaintiff's Motion be denied insofar as it seeks to amend the Complaint against Prison Health Services and Correctional Medical Services.

### d. Southwest Counseling Center, Inc.

Southwest Counseling Center, Inc. was named in the original Complaint as being liable under Claim I (false imprisonment). [Doc. 1] at 1, 6. Judge Hansen dismissed both Claim I and Southwest Counseling Center, Inc., from this action on April 20, 2010. Memorandum Opinion and Order [Doc. 10] at 4, 5. Presently, Plaintiff alleges that Southwest Counseling Center, Inc. is "directly responsible" for denying or delaying his access to medical care and seeks to reinstate it as a defendant. Motion to Reinstate and Amend [Doc. 45] at 1.

Notably, Plaintiff does not specify in his Motion whether Southwest Counseling Center, Inc. is a private entity acting under color of state law.   Nor is there anything in Plaintiff's previous filings regarding Southwest Counseling Center, Inc., to indicate that Southwest Counseling Center, Inc. is a private entity acting color of state law.   Conduct that is carried out under the color of state law is a prerequisite to stating a cognizable claim under § 1983.   *West v. Atkins*, 487 U.S. 42, 48 (1988).   If the alleged violation was not committed while acting under color of state law, then there can be no claim under § 1983.   *See Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) ("[P]rivate conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." (internal quotation marks omitted)).   To the extent that Southwest Counseling Center, Inc. is a private entity not alleged to have been acting under color of state law, I recommend that Plaintiff's present Motion be denied as to that entity.

However, even if Southwest Counseling Center, Inc. is a private entity acting under color of state law, Plaintiff's Motion fails to state a claim against it.   Plaintiff must show that there is a "policy or custom" that was the moving force behind the alleged violation.   *Dubbs*, 336 F.3d at 1216.   Plaintiff has not alleged, much less averred any factual support for, the existence of any policy or custom that caused violations of his constitutional rights.   He simply alleges that Southwest Counseling Center, Inc. is liable, without stating any factual support for the alleged liability.   His mere conclusory allegations of liability are insufficient to state a claim.   *See Kan. Penn Gaming*, 656 F.3d at 1219 ("[P]laintiffs must offer enough specific factual allegations to 'nudge[] their claims across the line from conceivable to plausible." (quoting *Bell Atl. Corp.*, 550

U.S. at 570 (second alteration in original)).  I therefore recommend that the Motion be denied with respect to Southwest Counseling Center, Inc.

### e.   New Mexico Corrections Department

The New Mexico Corrections Department was named in the original Complaint. [Doc. 1] at 1.  Judge Hansen dismissed it from the case on April 20, 2010.  Memorandum Opinion and Order [Doc. 10] at 5.  Plaintiff now seeks to reinstate it as a defendant, this time alleging that it is "directly responsible" for denying him medical care.  Motion to Reinstate and Amend [Doc. 45] at 1.

Plaintiff's present allegations do not support a claim against the New Mexico Corrections Department.  "A cause of action under section 1983 requires deprivation of a civil right by a 'person' acting under color of state law."  *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1991) (citing 42 U.S.C. § 1983).  However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Tenth Circuit Court of Appeals has explained further that a "governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for § 1983 purposes."  *McLaughlin v. Bd. of Trs. of State Colls.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal quotation marks omitted).  The New Mexico Corrections Department is a state agency for Eleventh Amendment purposes, *Bishop*, 902 F.2d at 810, and therefore, claims against it are the equivalent of a suit against the state itself.  Because neither New Mexico nor its state agencies are "persons" for the purpose of a § 1983 action, the New Mexico Corrections Department, as a state agency, cannot be held liable for the alleged violations.  Accordingly, I

recommend denying Plaintiff's Motion insofar as it seeks to amend the Complaint by adding a claim against the New Mexico Corrections Department.

### f.  Chris Barela

Chris Barela was not named in the original Complaint.  Complaint [Doc. 1] at 1.  On April 27, 2011, Plaintiff moved to allow him to join Mr. Barela, among others, as a defendant. Plaintiff's Motion for Joinder of Parties [Doc. 11] at 1.  Judge Hansen denied that motion on August 20, 2012, because Plaintiff made "only conclusory allegations against [Mr. Barela]." Memorandum Opinion and Order [Doc. 18] at 3, 2.  Judge Hansen simultaneously ordered Plaintiff to identify the individuals responsible the violations alleged in Claims III, IV, VI, and VII of his Complaint.  *Id.* at 3.

In response, Plaintiff identified Chris Barela, whom he characterized as "Warden" of the Doña Ana County Detention Center.[5]  Plaintiff's Response to Second Memorandum Opinion and Order [Doc. 19] at 2, 3.  Plaintiff alleged that Mr. Barela was liable under the original medical claim as well as two other claims.  *Id.* at 2–3.  On May 5, 2010, Judge Hansen dismissed the original medical claim, in addition to other claims, for Plaintiff's failure to identify parties that were personally involved in the alleged violations.  Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 1–2.  Importantly, Judge Hansen ruled that a civil rights claim against a state official may not be based solely on a theory of respondeat superior liability and, finding that Plaintiff had not alleged any personal involvement by Mr. Barela in the claimed violations, dismissed all claims against him.  *See id.* at 2 (directing the Clerk to add only Jai Walton as a defendant, and only for the denial-of-access-to-legal-materials claim).

---

[5]  Plaintiff presently characterizes Mr. Barela as the "Administrator" of the DACDC.  Motion to Reinstate and Amend [Doc. 45] at 1.

Presently, Plaintiff seeks again to join Mr. Barela as a defendant under his new medical claim, asserting that Mr. Barela is "directly responsible" for denying him medical care during the period from December, 2009, to March, 2010.  Complaint [Doc. 1] at 1.  However, Plaintiff alleges no facts that indicate Mr. Barela was personally involved in the alleged violation of Plaintiff's right to medical care.  Moreover, as Judge Hansen has previously pointed out, a civil rights claim against a state official such as Chris Barela may not be based on a theory of respondeat superior alone.  Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 2; *see also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (no respondeat superior liability under § 1983).  Plaintiff fails to state a colorable claim against Chris Barela.  Therefore, joining him as a defendant would be futile.  Accordingly, I recommend that Plaintiff's Motion be denied insofar as it seeks to join Chris Barela.

### g.   Doña Ana County Detention Center

The Doña Ana County Detention Center was named in the original Complaint. [Doc. 1] at 1.  However, it was dismissed from the case on April 20, 2010.  Memorandum Opinion and Order [Doc. 10] at 3, 5.  In his Order, Judge Hansen held that Doña Ana County Detention Center lacked standing to be sued and thus dismissed it from the case.  *Id.* at 3 (citing *Aston v. Cunningham*, No. 99-4156, 216 F.3d 1086, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) ("[A] detention facility is not a person or legally created entity capable of being sued.")).  Plaintiff presently seeks to reinstate the DACDC as liable for the alleged denial of medical treatment, but Plaintiff has not shown how its status has changed.  For the reasons given by Judge Hansen in his Order of April 20, 2010, I recommend denying Plaintiff's Motion insofar as it seeks to join the DACDC as a defendant.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, I **RECOMMEND** that Plaintiff's Motion to Reinstate and Amend [Doc. 45] be **GRANTED IN PART** to the extent that Plaintiff seeks to reinstate his denial-of-access-to-legal-materials claim against Jai Walton, that Jai Walton, Paralegal, be added as a defendant, and that the Clerk issue notice and waiver of service forms for her at the Central New Mexico Correctional Facility at Los Lunas.

I **RECOMMEND** further that Plaintiff's Motion to Reinstate and Amend [Doc. 45] be **GRANTED IN PART** to the extent that it seeks to substitute "Doña Ana County Board of County Commissioners" in place of "Doña Ana County" as Defendant, and that the caption be amended to reflect this change.

I **RECOMMEND** further that Plaintiff's Motion to Reinstate and Amend [Doc. 45] be **DENIED IN PART** to the extent that it seeks to amend the Complaint [Doc. 1] as to the rest of the current and proposed Defendants named in the Motion.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**