IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HAROLD L. MORRIS, JR.,**

    **Plaintiff,**

**v.**                                                                                                          **No. 10-cv-0050 LH/SMV**

**SOUTHWEST COUNSELING CENTER, INC., et al.,**

    **Defendants.**

## ORDER FOR *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff has reinstated a denial-of-access-to-legal-materials claim against Defendant Jenice "Jai" Walton in his Complaint brought pursuant to 42 U.S.C. § 1983.[1] *See* Combined Motion to Show Cause and Amend Complaint [Doc. 14] at 3 (asserting the legal access claim); *see also* Plaintiff's Response to Second Memorandum Opinion and Order [Doc. 19] at 3 (asserting that Defendant Walton was responsible for the denial of access to legal materials); Motion to Reinstate [Doc. 45] at 1 (asserting another denial claim against Defendant Walton). In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's denial-of-access-to-legal-materials claim, Defendant Walton is **ORDERED** to submit materials that will help this Court resolve the claim, in the form of a *Martinez* report, as explained herein.

When the original Complaint was filed, Walton was not named as a defendant. Complaint [Doc. 1] at 1. On August 20, 2010, the Honorable C. LeRoy Hansen, Senior United States

---

[1] Though Plaintiff originally identified Defendant Walton as "Jai Walton," the Defendant has since answered and clarified that her name is indeed "Jenice Walton." *See* Defendant Jenice Walton's Answer to Plaintiff's Complaint [Doc. 74] at 1.

District Judge, issued an order dismissing certain claims and ordering Plaintiff to identify the individuals responsible for the violations alleged in Claims III, IV, VI, and VII of the Complaint. Memorandum Opinion and Order [Doc. 18].[2]  In his Response to Judge Hansen's Order, Plaintiff identified "paralegal Jai Walton" as the individual responsible for denying Plaintiff access to legal materials. [Doc. 19] at 3.  Accordingly, on May 5, 2011, Judge Hansen issued an order directing the Clerk of the Court to add "Jai Walton" as a defendant, and to issue notice and waiver of service forms for her.  Memorandum Opinion and Order Dismissing Claims III, IV, and VII [Doc. 22] at 2.

Notice and waiver of service forms were subsequently mailed to Defendant Walton at the Guadalupe County Correctional Facility.  *See* [Doc. 23] at 4. They were returned as "Undeliverable – No longer at this facility." *Id*. at 1.  After Plaintiff failed to produce an address for Defendant Walton, on August 18, 2011, Judge Hansen dismissed Plaintiff's claims against Defendant Walton without prejudice. *Id.*

However, on January 11, 2012, Plaintiff wrote to the Court indicating that Defendant Walton was located at the Central New Mexico Correctional Facility ("CNMCF").  Motion to Reinstate [Doc. 45] at 1.  The Court reviewed Plaintiff's Motion to Reinstate [Doc. 45] and, finding that fault did not lie with Plaintiff in failing to serve Defendant Walton, ordered that she be served at the CNMCF.  *See* Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 48] at 4–5; *see also* Order Adopting Proposed Findings and Recommended Disposition [Doc. 55] at 3.  Defendant Walton answered the Complaint on November 9, 2012.

---

[2] Claims VI and VII were raised for the first time in Plaintiff's Combined Motion to Show Cause and Amend Complaint [Doc. 14]. Judge Hansen construed them as a supplement to the Complaint, Order [Doc. 18] at 2, and so I treat them as such.

Defendant Jenice Walton's Answer to Plaintiff's Complaint [Doc. 74].  So that the Court may assess the legal and factual bases of Plaintiff's denial-of-access-to-legal-materials claim, Defendant Walton is ordered to provide a *Martinez* report.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports).  The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109.  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte*. Id.* at 1109-10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence).  However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.

**Directions for Preparing the *Martinez* Report**

Defendant Walton's *Martinez* report must address the allegations against her as well as any defenses raised in her Answer that she wishes to pursue.  Defendant must abide by the following instructions in preparing his report:

    1) The report must include a written brief that discusses Plaintiff's claims against Defendant Walton.  Factual assertions in the briefs must be supported by proof,

such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

The *Martinez* report must be filed and served on Plaintiff no later than **January 28, 2013**. Plaintiff must file his response or objections to the report no later than **February 27, 2013**. Defendant must file her reply, if any, no later than **March 13, 2013**. **The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**