IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS JR.,

    Plaintiff,

v.                                                                                                  No. 10-cv-0050 LH/SMV

SOUTHWEST COUNSELING CENTER, INC., et al

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CORIZON'S MOTION TO STRIKE PLAINTIFF'S REPLY

THIS MATTER is before the Court on Defendant Corizon, Inc.'s Motion to Strike Plaintiff's Reply . . . [Doc. 79] (Motion), filed on December 4, 2012. Plaintiff filed his Response to the Motion on January 9, 2013. [Doc. 90]. The Court has considered the Motion, the Response, and the relevant law. For the reasons set forth below, the Court **FINDS** that the Motion should be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff filed his Prisoner's Civil Rights Complaint on January 20, 2010. [Doc. 1] Subsequently, several of his claims have been dismissed. *See, e.g.*, Memorandum Opinion and Order [Doc. 10], dated April 21, 2010 (dismissing Claims I and IV and claims for injunctive relief). On October 12, 2012, Plaintiff filed a Motion to Amend [Doc. 60]. Defendants Baca and Valdez responded to that Motion to Amend [Doc. 64], as did Defendant Corizon [Doc. 66]. Plaintiff then filed a document entitled Plaintiff's Reply to Doc.s 64, 66, & 69, which was filed on the record as [Doc. 75]. The Reply appears intended to achieve two ends.

First, it appears to support Plaintiff's Motion to Amend. [Doc. 75] at 1–2. Second, it purports to be a "Rule 60 Motion to Reinstate all Claims previously Dismissed." [Doc. 75] at 1. Corizon moves to strike the entire Reply. [Doc. 79].

To the extent that the Reply supports Plaintiff's Motion to Amend, it is proper and should not be stricken. However, in an order filed concurrently herewith, the Court has denied the Motion to Amend. Thus, to the extent that Corizon seeks to strike the Reply in support of the Motion to Amend, the motion to strike is moot. To the extent that the Reply seeks relief under Rule 60, it is improper, *see* Fed. R. Civ. P. 7(b)(1) (requiring that all requests for a court order be made by motion), and should be stricken. Although the Plaintiff is entitled to a liberal reading of his pleadings, he is required to follow the same rules of procedure that govern other litigants. *See Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Corizon's Motion to Strike [Doc. 79] is **GRANTED IN PART** to the extent that the Reply seeks reinstatement of certain claims. That portion of the Reply [Doc. 75] is hereby **STRICKEN** as filed in violation of Fed. R. Civ. P. 7(b)(1).

**IT IS FURTHER ORDERED** that Defendant Corizon's Motion to Strike [Doc. 79] is **DENIED IN PART as moot** to the extent the Reply [Doc. 75] supports Plaintiff's Motion to Amend [Doc. 60] because the Motion to Amend has been denied.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**