IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS, JR.,

    Plaintiff,

v.     No. 10-cv-0050 LH/SMV

SOUTHWEST COUNSELING CENTER, INC., et al.,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO CORRECT

THIS MATTER is before the Court on Plaintiff's Motion to Correct . . . [Doc. 80] ("Motion"), filed January 11, 2012. The Court has considered the briefing on the Motion, which includes Defendant Rodgers' Response [Doc. 82]; Defendant Walton's Response [Doc. 84]; Defendant Corizon's Response [Doc. 85]; and Plaintiff's Combined . . . Response [sic] [to Defendants' Responses] [Doc. 89]. In his Motion, Plaintiff asks the Court to "replace his request in Document 75 For a Rule 60 Motion based on Excusable Neglect with this Rule 60 Motion . . . ." [Doc. 80] at 1. In [Doc. 75], Plaintiff asked the Court "to Reinstate all Claims previously Dismissed [in this case]." [Doc. 75] at 1. Thus, the Court construes the instant Motion as one for relief under Fed. R. Civ. P. 60(b)(1). The Motion was filed more than one year after the dismissal of the claims Plaintiff seeks to have reinstated. The Motion, therefore, is untimely pursuant to Rule 60(c)(1). Accordingly, I find that the Motion is not well-taken and should be denied.

## PROCEDURAL BACKGROUND

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. Prisoner's Civil Rights Complaint [Doc. 1] ("Complaint") at 2. Plaintiff is appearing pro se and proceeding *in forma pauperis*. Complaint [Doc. 1] at 1; Order [Doc. 9]. He filed his original Complaint on January 19, 2010. Complaint [Doc. 1] at 1. The original Complaint contained seven claims, labeled Claims I through VII.[1] *Id*. at 4–6. The Complaint also sought injunctive relief. *Id*. at 8.

On April 21, 2010, The Honorable C. LeRoy Hansen, Senior United States District Judge, issued a Memorandum Opinion and Order [Doc. 10] ("First MOO") sua sponte. The First MOO dismissed Claims I and V, as well as the claims for injunctive relief. *Id.* at 4. Additionally, Judge Hansen gave Plaintiff 21 days to show cause why Claims III and IV should not be dismissed for failure to exhaust administrative remedies. *Id*. Finally, the First MOO allowed Plaintiff to proceed with Claim II (use of excessive force) against Defendants Baca and Valdez, but dismissed Claim II with respect to the remaining defendants. *Id.* at 5–6.

Plaintiff responded to the MOO with two filings. First, on April 27, 2010, he filed a Motion for Joinder of Parties [Doc. 11]. The Motion for Joinder sought to name additional defendants on Plaintiff's original claims. *Id.* at 1. Second, on May 20, 2010, Plaintiff filed a Combined Motion to Show Cause and Amend Complaint [Doc. 14]. That motion sought leave to bring several new claims and add at least one defendant. *Id.* at 1–3. On August 20, 2010, Judge Hansen issued a second Memorandum Opinion and Order [Doc. 18] ("Second MOO"). He denied Plaintiff's Motion for Joinder. *Id.* at 3. The order to show cause with respect to Claims III

---

[1] The specific nature of each claim is not pertinent to the instant Motion. However, those that have not been dismissed are listed on page 3, *infra*.

and IV was quashed based on Plaintiff's representation that his administrative remedies were either exhausted or "not available" for purposes of 42 U.S.C. § 1997e. *Id*. at 2. Judge Hansen also granted the motion to amend and construed Claims VI, VII, and VIII (as set out in the Motion to Amend) as a supplemental part of the original Complaint. *Id*. at 3. However, the Complaint (as amended) failed to identify the individuals responsible for the alleged violations in Claims III, IV, VI, and VII. *Id*. at 2. Therefore, in the Second MOO, Judge Hansen gave Plaintiff 14 days to identify the individuals responsible for the alleged violations. *Id*. at 3.

Plaintiff responded on September 10, 2010. Plaintiff's Response to Second Memorandum and Order [Doc. 19]. After considering Plaintiff's Response, Judge Hansen issued a third Memorandum Opinion and Order [Doc. 22] ("Third MOO") on May 5, 2011, dismissing Claims III, IV, and VII. Judge Hansen found that Claim VI (denial of access to legal materials) stated a claim against Defendant Walton, so he allowed that claim to go forward. *Id*. at 2.

Thus, to summarize, the First MOO dismissed Claims I and V, as well as the claims for injunctive relief. The Third MOO dismissed Claims III, IV, and VII, leaving only Claims II (excessive force), Claim VI (denial of access to legal materials), and Claim VIII (attempted mail tampering). The only remaining Defendants are Officers Baca and Valdez (Claim II), Jai Walton (Claim VI), and Lt. Rodgers (Claim VIII).[2] In the instant Motion, Plaintiff seeks reinstatement of the dismissed claims pursuant to Rule 60(b)(1). *See* [Docs. 80, 75].

---

[2] Defendants Health Services, Inc. and Corizon, Inc. remain listed as defendants. However, the only claim against them was Claim IV, which was dismissed with prejudice. *See* [Doc. 20] at 2. Both defendants have filed motions to dismiss on those grounds. *See* [Docs. 58 & 61].

## ANALYSIS

Rule 60 provides, in pertinent part:

    **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    . . .

    **(c) Timing and Effect of the Motion.**

    (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The orders from which Plaintiff seeks relief were issued on April 21, 2010 (First MOO [Doc. 10], dismissing Claims I, V, and injunctive relief), August 20, 2010 (Second MOO [Doc. 18], denying Motion for Joinder), and May 5, 2011 (Third MOO [Doc. 22], dismissing Claims III, IV, and VII). Whether Plaintiff's Rule 60(b) Motion is considered to have been filed on November 13, 2012 (when [Doc. 75] was filed), or on December 11, 2012 (when [Doc. 80] was filed), it is untimely under Rule 60(c)(1) because it was filed more than a year after the orders from which Plaintiff seeks relief.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Correct . . [Doc. 80] is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**