IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HAROLD L. MORRIS, JR.,**

    **Plaintiff,**

v.                                                                               **No. 10-cv-0050 LH/SMV**

**SOUTHWEST COUNSELING CENTER, INC., et al.,**

    **Defendants.**

**ORDER DENYING
PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's Renewed Motion . . . [Doc. 95] ("Motion"); Defendant Walton's Response . . . [Doc. 97]; Defendant Corizon, Inc.'s Response . . . [Doc. 99]; Defendants Baca and Valdez's Response…[Doc. 100]; and Defendant Prison Health Services, Inc.'s Response . . . [Doc. 101]. Plaintiff failed to file a reply in support of the motion within the time prescribed for doing so, which constitutes consent that briefing on the motion is complete pursuant to D.N.M.LR-Civ. 7.1(b). For the reasons set forth below, the Court **FINDS** that the motion is not well-taken and should be **DENIED**.

    **I.**    **The Court Will Deny the Motion for Appointment of Counsel.**

A prisoner filing a § 1983 civil rights complaint does not have a Sixth Amendment right to appointed counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (citation omitted). In fact, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). The burden is on Plaintiff to convince the Court

that his claim has merit and that his case is one of "those extreme cases where lack of counsel results in fundamental unfairness." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted).

> It is not enough that having counsel appointed would . . . assist[] the prisoner in presenting his strongest possible case, as the same could be said in any case. . . . In evaluating a prisoner's request for appointed counsel, the court should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.

*Id.* at 1223–24 (internal citations, quotation marks, and brackets omitted). The Court will not request the voluntary assistance of counsel where the plaintiff adequately presents the factual and legal basis of the action and demonstrates that he understands the basics of his constitutional and other claims. *Id.* at 1224. Having reviewed Plaintiff's Complaint and his many other filings in light of the foregoing factors, the Court finds that he appears to understand the issues in the case and appears to be representing himself in a capable manner.

## II. The Court Will Deny the Motion for Extension of Time.

Although Plaintiff is pro se, he nonetheless must adhere to the federal rules of civil procedure. The Appeals Court for the Tenth Circuit held, "we must construe a pro se appellant's complaint liberally. This liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal citation and quotation marks omitted).

Plaintiff has failed to state with particularity the grounds for his motion as required by D.N.M.LR-Civ. 7.1(a). Plaintiff states that he is unable to reply to the *Martinez* Report due to

continuing "Obstruction of Access to Records currently implemented by recently Amended Policies of the New Mexico Corrections Dept." [Doc. 95] at 1. However, his allegations are vague and wholly unsupported. He does not explain how the alleged "Obstruction of Access to Records" has prevented him from filing a timely response to the *Martinez* Report, why he needs the (unspecified) records, or what efforts he has made to obtain them. He simply asks for an (apparently unlimited) extension of time.

Additionally, Plaintiff's Motion is untimely pursuant to Fed. R. Civ. P. 6(b). Plaintiff's response to the *Martinez* Report was due February 27, 2013. *See* Order for *Martinez* Report [Doc. 76] at 4. If he needed an extension of time, Plaintiff should have filed his motion before that date. *See* Fed. R. Civ. P 6(b)(1)(A).[1]

### III. The Court Will Deny the Motion To Amend.

Plaintiff seeks once again to amend his Complaint:[2]

> Plaintiff, finally, asserts that since the causes of his initial arrest in the Matter were provably [sic] directly caused by his medical afflictions that are hereditary in nature, portions of his Claims which qualify for Grounds for Americans With Disabilities Act . . . claims and moves the Court to allow Leave To Amend his Claims to reflect his medical and mental health claim as violations of the Americans With Disabilities Act.

[Doc. 95] at 2.

---

[1] The Court may grant a motion for extension of time filed after the time has expired upon a showing of excusable neglect. Plaintiff does not argue excusable neglect in his Motion, nor will the Court infer it from the arguments he does make. *See* [Doc. 95]. It bears pointing out that Plaintiff's sole claim against Defendant Walton is for denial of access to legal materials. *See* Order Adopting Proposed Findings and Recommendations [Doc. 55] at 3 (reinstating denial-of-access-to-legal-materials claim against Defendant Walton). Plaintiff makes no effort to explain how his alleged lack of access to Corrections Department records prevented him from responding to Defendant Walton's *Martinez* Report, or how an extension of time would allow him to do so.

[2] Plaintiff has sought leave to amend his Complaint, or to add parties, on at least five other occasions. *See* [Docs. 11, 14, 19, 60, 80].

3

A complaint may be amended once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1).  All responsive pleadings were long since served in this case, and at this stage in the litigation, Plaintiff is now subject to the rule that he may amend his complaint only with leave of court or by written consent of the adverse parties. *Id.*  Although the "[l]iberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits, [nevertheless, t]his policy is not limitless." *Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (internal citation omitted).

> While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment.  A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.

*Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989).

Factors guiding the court in the exercise of its discretion include tardiness; whether the facts sought to be alleged in the proposed amended pleading were known to the pleader all along so that, although he had an opportunity to state the claim, he failed to do so; how much time remains in the discovery period; whether a great deal of discovery has already taken place without reference to the new theory of recovery; whether the amendment is offered in good faith; and whether the opposing party would be prejudiced by the amendment.  *Id.* at 1517–18; *see State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). "Most important," said the *Quaker State* court, is whether the moving party proffers a satisfactory

explanation for its delay. 884 F.2d at 1518. The Tenth Circuit also cites this factor as important in informing the court's discretion on a motion to amend.  *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 983 F.2d 1182, 1185 (10th Cir. 1990).

An examination of the factors noted above compels the conclusion that Plaintiff's motion to amend must be denied.  The motion is untimely in the extreme.  Plaintiff's original Complaint was filed more than three years ago. [Doc. 1]. The information upon which the new claim is based (Plaintiff's hereditary "medical afflictions") was known to Plaintiff at the time his Complaint was filed. He offers no satisfactory explanation—indeed, he offers no explanation, satisfactory or otherwise—for the delay in bringing the claim, and the Court notes that he has been a vigorous litigator up to this point.

> It is well settled in this circuit that untimeliness alone is sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, when the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal citations and quotation marks omitted) (affirming district court's denial of motion to amend filed four months after original complaint); *see also Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452 (10th Cir. 1991) (affirming district court's denial of motion to amend filed 17 months after original complaint, and where plaintiff offered no good reason for the delay).

Finally, it is apparent that allowing Plaintiff to amend his Complaint at this point would be highly prejudicial to the Defendants, all of whom have filed motions for summary judgment that are pending and fully briefed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Combined Renewed Motion . . . [Doc. 95] is **DENIED IN ITS ENTIRETY.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**