# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**HAROLD L. MORRIS JR.,**

  **Plaintiff,**

**v.**               **No. 10-cv-0050 LH/SMV**

**SW. COUNSELING CTR., INC., et al.,**

  **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION WITH RESPECT TO CLAIMS AGAINST DEFENDANT WALTON

  THIS MATTER is before me on Defendant Jenice "Jai" Walton's *Martinez* Report [Doc. 93], filed on January 28, 2013. Plaintiff did not file a response to the Motion. However, on February 28, 2013, his deadline for filing a response, he filed a 400-page document entitled "Plaintiff's Documents in Support of Claims Regarding Medical Treatment, Denial of Records Access (Medical), and Associated Legal Actions." *See* [Doc. 94].  On March 23, 2012, the Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me to perform any legal analysis necessary to recommend an ultimate disposition in this case.  Order of Reference . . . [Doc. 47].  Having reviewed the pertinent pleadings and relevant law, and being otherwise fully advised, I will recommend that Plaintiff's claims against Defendant Walton be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies with regard to his claim against Defendant Walton.

## PROPOSED FINDINGS

### Factual and procedural background

1.      This is a pro se civil rights action brought under 42 U.S.C. § 1983 by Plaintiff. On January 19, 2010, Plaintiff filed his Complaint alleging constitutional violations and tort claims under state law during his incarceration at the Dona Ana County Detention Center ("DACDC").

2.      Defendant Walton is a Legal Access Monitor. She works for the New Mexico Corrections Department ("NMCD") at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.  Defendant Jenice Walton's Answer to Plaintiff's Complaint [Doc. 74]. Plaintiff alleges that Defendant Walton denied him access to legal materials, specifically, an Appeal Packet and two State Tort Claims Packets, while he was incarcerated. *See* Motion (Letter) for Order to Reinstate Claims against Defendant Walton [Doc. 45], filed on January 11, 2012.

3.      On November 21, 2012, I ordered Defendant Walton to file a *Martinez* Report. *See generally* Order for *Martinez* Report [Doc. 76].  Included in that Order was the following notice to the parties: "**The parties are given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**" [Doc. 76] at 4 (emphasis in original). As mentioned previously, Defendant Walton filed her *Martinez* Report on January 28, 2013. [Doc.93].  Defendant Walton also moved for summary judgment in the *Martinez* Report.  *Id.* at 6.  Plaintiff filed his 400-page "Documents in support of…Claims" on February 28, 2013. [Doc. 94].  Plaintiff's filing

consists primarily of Plaintiff's medical records and materials from his underlying prosecution. *See generally id*. and exhibits thereto.

### Legal Analysis

4.      Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment. *See Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

5.      "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite being pro se, a pro se non-moving party must "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

### Exhaustion of Remedies

6.      The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit. Under 42 U.S.C. § 1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be

avoided, and that the suits which are brought have better documentation for the court to consider. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

7.      Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 739–40. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation marks omitted), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

8.      In a suit governed by the PLRA, the burden of proof for the exhaustion of administrative remedies lies with the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, No. 06-3389, 263 Fed. Appx. 723, 726 (10th Cir. 2008) (unpublished). As discussed below, all of Plaintiff's constitutional claims against Defendant Walton are subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies.

9.      In Defendant's *Martinez* Report she filed an Affidavit of Daniel Walz [Doc. 93-2] ("Walz"). He is the Compliance Officer in the Internal Audits and Standards Division for the NMCD in Santa Fe, New Mexico.  *Id.* at 1.  He states that NMCD had an inmate grievance procedure while Plaintiff was incarcerated, NMCD Policy CD-150500/150500, *Inmate Grievances*, during the time period of his allegations against Defendant Walton (2011–2012). *Id.* The Policy itself is attached as an exhibit to Walz's affidavit. *See id*. at 3–87. It establishes that administrative remedies were available to Plaintiff at all times material to his allegations against Defendant Walton. *Id*.

10.      Attached as Exhibit C to the *Martinez* Report is the affidavit of Ralph Casaus. [Doc. 93-3] ("Casaus").  Mr. Casaus is a Grievance Appeals Coordinator for the NMCD in Santa Fe, New Mexico.  *Id.* at 1. He has access to and has reviewed NMCD's files regarding all of the grievance appeals Plaintiff submitted while incarcerated by the NMCD.  *Id.*  Those files reflect that Plaintiff filed nine grievances while incarcerated by NMCD, but none involved any grievance concerning denial of access to legal materials. *Id*. at 2. Mr. Casaus also states that Plaintiff never filed a grievance naming Defendant Walton. *Id*.

11.      The undisputed evidence before me is that DACDC had a grievance procedure in place during the time period Plaintiff claims that Defendant Walton denied him access to legal materials, and that Plaintiff never filed a grievance concerning those claims.  Thus, he did not exhaust his administrative remedies. *Booth*, 532 U.S. at 733–34.  I therefore find that all of Plaintiff's claims against Defendant Walton should be dismissed without prejudice for failure to exhaust his administrative remedies.  *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134,

1139 (10th Cir. 2005) (A dismissal based on lack of exhaustion should ordinarily be without prejudice.).

<u>Conclusion</u>

12.    Pursuant to the mandates of the PLRA, Plaintiff is required to exhaust all administrative remedies provided by the correctional institution prior to filing a lawsuit. Plaintiff's failure to comply mandates dismissal of his claims against Defendant Walton.

<b>RECOMMENDED DISPOSITION</b>

I therefore respectfully recommend that all of Plaintiff's claims against Defendant Walton be DISMISSED WITHOUT PREJUDICE.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**