IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAROLD L. MORRIS JR.,

       Plaintiff,

v.                                           No. 10-cv-0050 LH/SMV

SW. COUNSELING CTR., INC., et al.,

       Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION WITH RESPECT TO CLAIMS AGAINST DEFENDANT RODGERS**

THIS MATTER is before me on Defendant Justin Rodgers' *Martinez* Report [Doc. 32], filed on October 7, 2011.  The Order requiring the *Martinez* Report required Plaintiff to file his response, if any, no later than November 14, 2011.  Order for *Martinez* Reports [Doc. 30] at 3. Plaintiff filed a Response on November 9, 2011.  *See* Letter to the Court [Doc. 35]. Defendant filed his Reply [Doc. 36] on November 14, 2011.  On March 23, 2012, the Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me to perform any legal analysis necessary to recommend an ultimate disposition in this case.  Order of Reference . . . [Doc. 47].  Having reviewed the pertinent pleadings and relevant law, and being otherwise fully advised, I recommend that Plaintiff's claims against Defendant Rodgers be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies with regard to his claims against Defendant Rodgers.

**PROPOSED FINDINGS**

**Factual and procedural background**

1.      This is a pro se civil rights action brought under 42 U.S.C. § 1983 by Plaintiff.

On January 19, 2010, Plaintiff filed his Complaint alleging constitutional violations and tort claims under state law during his incarceration at, among other institutions, the Guadalupe County Correctional Facility ("GCCF").  *See generally* Complaint [Doc. 1].  He filed an Amended Complaint on May 20, 2010. [Doc. 14].

2.	Defendant Rodgers was an employee of GCCF at all times material to Plaintiff's claims against him.  In his Amended Complaint, Plaintiff alleges that Defendant Rodgers tampered with his mail by attempting to return two cashier's checks issued from Plaintiff's credit union account.  [Doc. 14] at 3.

3.	On September 13, 2011, the Honorable Don J. Svet, United States Magistrate Judge, ordered Defendant Rodgers to file a *Martinez* Report.  *See* Order for *Martinez* Reports [Doc. 30].  Included in that Order was the following notice to the parties: **"THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* reports may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*.  The parties therefore should submit whatever materials they consider relevant to the claims and defenses."**  [Doc. 30] at 4 (emphasis in original).  As mentioned previously, Defendant Rodgers filed his *Martinez* Report and Motion for Summary Judgment on October 7, 2011.  [Doc. 32].  Defendant Rodgers also moved for summary judgment in his *Martinez* Report. *Id.* at 9.  Plaintiff filed his Response on November 9, 2011. [Doc. 35].  Defendant filed his Reply on November 14, 2011. [Doc. 36].

**Legal Analysis**

4.	Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment.  *See Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

5.      "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Despite being pro se, a pro se non-moving party must "identify specific facts that show the existence of a genuine issue of material fact."  *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotation marks omitted).  Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion.  *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1180 (10th Cir. 2013).

**Exhaustion of Remedies**

6.      The Prison Litigation Reform Act ("PLRA") sets out express limitations prior to proceeding with a viable lawsuit.  Under 42 U.S.C. §1997e(a) of the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions.  *Booth v. Churner*, 532 U.S. 731, 733–34 (2001).  The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court.  The hope is that some prisoner litigation may be avoided, and that the suits which are brought have better documentation for the court to consider.  *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

7.      Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective.  Even where the available remedies would appear to be futile at providing the kind of remedy

sought, the prisoner must exhaust the administrative remedies available.  *Booth,* 532 U.S. at

739−40.   The PLRA's exhaustion requirement applies to all suits arising out of prison life.

*Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.

2002).   "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process

must precede resort to a court."  *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1207 (10th Cir.

2003) (internal quotation marks omitted), abrogated on other grounds by *Jones v. Bock*, 549 U.S.

199 (2007).   Accordingly, an inmate must do more than initiate the administrative grievance

process; he must also complete it prior to filing suit.  *Jernigan*, 304 F.3d at 1032.

8.        In a suit governed by the PLRA, the burden of proof for the exhaustion of

administrative remedies lies with the defendant.  *Roberts v. Barreras*, 484 F.3d 1236, 1241

(10th Cir. 2007).   Defendant must prove that: (1) administrative remedies were available to the

plaintiff, and (2) the plaintiff failed to exhaust these remedies.  *Purkey v. CCA Det. Ctr.*,

No. 06-3389, 263 F. App'x 723, 726 (10th Cir. 2008).   As discussed below, all of Plaintiff's

constitutional claims against Defendant Rodgers are subject to dismissal due to Plaintiff's failure

to exhaust his administrative remedies.

9.        In Defendant's *Martinez* Report he filed an Affidavit of Jessica Vigil

[Doc. 32-1] ("Vigil") at 10–11.   She is the custodian of inmate grievance and disciplinary

records at GCCF.  *Id.* at 10.   She states that GCCF had an inmate grievance procedure while

Plaintiff was incarcerated and during the time period of his allegations against Defendant

Rodgers (May 2010).  *Id.* at 10–11.   The grievance policy itself is attached as Exhibit 4 to

Defendant Rodgers' *Martinez* Report.   *Id.* at 12–29.   This establishes that administrative

remedies were available to Plaintiff at all times material to his allegations against Defendant

Rodgers. *Id.*

10.     Ms. Vigil also states that her records indicate that Plaintiff never filed a formal grievance naming Defendant Rodgers. *Id.* at 11.  Plaintiff makes no effort to dispute Ms. Vigil's statements.

11.     The undisputed evidence before me is that GCCF had a grievance procedure in place during the time period Plaintiff claims that Defendant Rodgers tampered with his mail.  As Plaintiff never filed a grievance concerning that claim, he did not exhaust his administrative remedies.  *Booth*, 532 U.S. at 733–34.  I therefore find that all of Plaintiff's claims against Defendant Rodgers should be dismissed without prejudice for failure to exhaust his administrative remedies.  *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) (A dismissal based on lack of exhaustion should ordinarily be without prejudice.).

### Conclusion

12.     Pursuant to the mandates of the PLRA, Plaintiff is required to exhaust all administrative remedies provided by the correctional institution prior to filing a lawsuit. Plaintiff's failure to comply mandates dismissal of his claims against Defendant Rodgers.

## RECOMMENDED DISPOSITION

I therefore respectfully recommend that all of Plaintiff's claims against Defendant

Rodgers be DISMISSED WITHOUT PREJUDICE.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**