**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**HAROLD L. MORRIS JR.,**

    **Plaintiff,**

**v.**                                              **No. 10-cv-0050 LH/SMV**

**SW. COUNSELING CTR., INC., et al.,**

    **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION REGARDING
DEFENDANT BACA AND DEFENDANT VALDEZ**

This is a proceeding brought by an incarcerated prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Baca and Valdez, police officers employed by the City of Las Cruces, used excessive force when arresting him March 31, 2009. *See* Prisoner's Civil Rights Complaint [Doc. 1] ("Complaint") at 4 (filed on January 19, 2010). He claims that the Defendants Tasered him six times—once while he was standing and five times while he was lying on the ground. *Id*. He alleges further that the last four Taser deployments occurred after he had already been handcuffed. *Id*. Defendants admit that Plaintiff was Tasered during his arrest, but they deny that he was Tasered while lying on the ground or after he was handcuffed. *See* Defendant Gilbert Baca and Narciso Valdez's Answer to . . . Complaint [Doc. 13] at 2–3. Defendants filed a *Martinez* report and a motion for summary judgment, arguing that their actions were not unconstitutional and that they are entitled to qualified immunity. Defendant Baca and Valdez's *Martinez* Report [Doc. 34]. The Honorable C. LeRoy Hansen, Senior United States District Judge, referred this case to me to make findings of fact, conduct legal analysis,

and recommend an ultimate disposition. Order of Reference . . . [Doc. 47]. Having carefully reviewed the pleadings and the relevant law, I find that the Defendants are entitled to qualified immunity and therefore recommend that the Court grant Defendants' motion for summary judgment and dismiss the Complaint with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2009, Defendant Baca responded to a call in which an individual, later determined to be the Plaintiff, had vandalized a residence. Affidavit of Officer Gilbert Baca [Doc. 34-1] at 1. He arrived on the scene and spoke with the complaining party who was form Southwest Counseling Center, Inc.[1]  *Id* . That person indicated the Plaintiff, who was in a nearby park, needed to be taken to the hospital. *Id.* Defendant Baca approached the Plaintiff. Their versions of what occurred next differ. Defendant Baca states that when he asked Plaintiff what was happening, Plaintiff yelled that he was "doing God's work." *Id.* Plaintiff then yelled, "I want your badge. Give me your badge," and started "closing distance" with him. *Id*. Defendant Baca told Plaintiff to step back and not come any closer. *Id*. Plaintiff continued to yell, "I want your badge," and continued to close distance. *Id*. at 2. Plaintiff tried to grab at his badge. *Id*. Defendant took a step back and told him to get back. *Id*. Plaintiff refused to obey his commands. *Id*. He told Plaintiff to get down; Plaintiff refused. *Id*. Plaintiff clenched his fist and stretched out his arms while continuing to close in a threatening manner. *Id*. Defendant Baca fired his Taser, striking Plaintiff in the chest. *Id*. Plaintiff fell to his knees. *Id*. Defendant Baca ordered him to stay down. *Id*. He refused to stay down and attempted to get up. *Id*. Defendant Baca deployed the Taser a second time. *Id*. Defendant claims he had to deploy the

---

[1] Southwest Counseling Center, Inc., was originally named as a defendant. Complaint [Doc. 1] at 1. It was dismissed on April 21, 2010. Memorandum Opinion and Order [Doc. 10] at 5.

Taser two more times (for a total of four deployments) to get Plaintiff to comply with his orders. *Id*. Defendant Valdez (who was not present during the Taser deployments) arrived at the scene and, together, they were able to place the Plaintiff in handcuffs. *Id*. Defendant Baca specifically denies Tasering the Plaintiff while he was in handcuffs. *Id*.

Plaintiff tells a different story. He states in his original Complaint:

> While being arrested by L.C.P.D. officers Baca and Valdez [P]laintiff was subjected to [e]xcessive [u]se of [f]orce in that he was [T]asered once while standing and five subsequent times while lying on the ground, four times of which [he was] already handcuffed.
>
> Although [P]laintiff was attempting to protect his eyewear, using [his] right hand, while falling to the ground because of Officer Baca's initial [T]aser shot to [Plaintiff's] chest, and did attempt to rise while this shot was administered (in a shocked reaction to my continued survival), [he] did not intentionally resist arrest in any way nor did [he], at any time, attempt to assault Officer Baca, contrary to his varied claims.

[Doc. 1] at 4.

This matter was originally assigned to the Honorable Don J. Svet, United States Magistrate Judge. Judge Svet ordered Defendants to submit a *Martinez* report. *See* Order for *Martinez* Reports [Doc. 30]. The Order requiring the report states, "**THE PARTIES ARE HEREBY GIVEN NOTICE that the Martinez reports may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or** *sua sponte*. **The parties therefore should submit whatever materials they consider relevant to the claims and defenses.**" *Id.* at 4 (emphasis in original). Defendants submitted their joint *Martinez* report

on October 13, 2011.  [Doc. 34].  The exhibits to that report included a Taser video of the arrest and a Photo/Medical video depicting Plaintiff's injuries and treatment after the arrest.  *See* [Doc. 34-5] (discs are on file at the Records Department of the Clerk's Office).

At the beginning of the Taser video, Plaintiff is approximately ten feet from Defendant. Defendant Baca shouts, "Get down!" Plaintiff then lunges at the Defendant and reaches for him, as if trying to grab his badge. Defendant Baca fires his Taser. Defendant announces (presumably on his radio), "Taser deployed."  The video is far from optimal after that point.  However, Defendant Baca is clearly heard ordering the Plaintiff to stay down and not to move.  He shouts, "Don't get up!" or "Stay down!" or "Do not move!" no less than 30 times over a two and a half minute period.  But despite his warnings, Plaintiff repeatedly attempts to rise, and Defendant cycles his Taser three more time, each time in response to an attempt by Plaintiff to get up.  At the end of the video, Plaintiff is seen in a kneeling position, with his head on the ground. Defendant Valdez arrives on the scene approximately three minutes after the beginning of the video, and after the last Taser deployment.  He assists Defendant Baca in handcuffing the Plaintiff.

After the arrest, Plaintiff was taken to a police station, where his injuries—minor cuts and scrapes—were tended to by an EMT.  *See* Photo/Medical DVD [Doc. 34-5].  Plaintiff was offered additional medical evaluation at that time but declined.  *Id*.

Plaintiff's response to the *Martinez* report was due on November 14, 2011.  [Doc. 30] at 3.  The Plaintiff filed a timely Letter to the Court, [Doc. 35], but the Letter does not attempt to refute any statements of fact contained in the *Martinez* report.  *See id*.  Defendants did not file a Reply.

### STANDARD OF REVIEW

The court should grant summary judgment only when "the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All reasonable inferences must be viewed in the light most favorable to the non-moving party. *Ricci v. DeStefano,* 557 U.S. 557, 586 (2009); *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

For purposes of summary judgment, a prisoner's complaint is treated as an affidavit if it alleges facts based on his personal knowledge and has been sworn under penalty of perjury. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). A *Martinez* report is also treated as an affidavit. *Id.* A court cannot resolve material disputed factual issues by accepting a *Martinez* report's factual findings when they are in conflict with pleadings or affidavits. *Id.* at 1109. However, conclusory allegations without specific supporting facts have no probative value and cannot create a genuine issue of fact. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005); *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1237 (10th Cir. 2004); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). As is true with all affidavits, statements of mere belief must be disregarded. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006).

Because Plaintiff proceeds pro se, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall*, 935 F.2d at 1110). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction,

or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

Defendant Valdez argues that he is entitled to summary judgment because he was not the arresting officer, and because he did not deploy his Taser against the Plaintiff. I agree and will recommend that his motion for summary judgment be granted. Officer Baca argues that he is entitled to qualified immunity. He contends that he did not violate Plaintiff's constitutional rights because he acted reasonably when he deployed his Taser. I agree and will recommend that his motion for summary judgment be granted as well.

### A. Officer Valdez

Plaintiff's excessive force claim relates only to the officers' use of the Taser against him. Complaint [Doc. 1] at 4. In a sworn affidavit, attached as Exhibit A to the *Martinez* report, Defendant Baca states that he was the only officer who deployed a Taser against Plaintiff, and that Defendant Valdez arrived on the scene only after the Taser had been deployed. [Doc. 34-1] at 2. These statements are undisputed. Plaintiff offers no argument why Defendant Valdez could be held liable for Defendant Baca's actions. There being no genuine issue of material fact regarding Defendant Valdez's lack of involvement in the conduct complained of, I will recommend that Defendant Valdez's motion for summary judgment be granted.

B.  **Officer Baca**

Defendant Baca denies Plaintiff's allegations and raises the affirmative defense of qualified immunity. "Qualified immunity shields public officials 'from undue interference with their duties and from potentially disabling threats of liability.'" *Wilkins v. DeReyes*, 528 F.3d 790. 796 (10th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)). To resolve a motion to dismiss based on qualified immunity, the court must determine (1) whether the facts alleged by the plaintiff assert a violation of a constitutional right and (2) whether the right at issue was clearly established at the time of the incident. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. A right is considered clearly established when there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts . . . ha[s] found the law to be as the plaintiff maintains." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012) (internal quotation marks omitted). The court must make this determination based on the specific facts of the case, not as a broad proposition. *Lynch v. Barrett*, 703 F.3d 1153, 1161 (10th Cir. 2013) (citing *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

"The first step in assessing the constitutionality of [Defendant Baca's] actions is to determine the relevant facts." *Scott v. Harris*, 550 U.S. 372, 378 (2007). As noted, there is a video recording of the arrest. While a court considering a summary judgment motion based upon qualified immunity "usually" must "adopt[] . . . the plaintiff's version of the facts," that is not

7

true to the extent there is clear contrary video evidence of the incident at issue. *Id*. at 378, 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010) (court may rely on video evidence in determining summary judgment motion even where the video did not capture everything).

Viewed in that light, the evidence establishes the following: After being warned to get back, Plaintiff lunged at Defendant Baca in an attempt to grab his badge. Defendant Baca deployed his Taser, which caused Plaintiff to fall to the ground. Then, despite numerous warning from Defendant Baca to stay on the ground, Plaintiff repeatedly attempted to get up. Defendant Baca fired his Taser three more times, each in response to an attempt by Plaintiff to get up. Finally, after Plaintiff was subdued, Defendant Valdez arrived on the scene. Plaintiff was then handcuffed and taken to the police station.

The Supreme Court held in *Graham v. Connor*, 490 U.S. 386 (1989), that the Fourth Amendment constituted the exclusive framework for analyzing excessive force claims against arresting police officers. *Id.* at 394. The test for whether a police officer's use of force was constitutionally excessive is "whether the officer['s] actions [were] objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* at 397 (internal quotation marks omitted). This inquiry must be undertaken from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

The Supreme Court identified three criteria to be used by the courts in deciding whether a police officer's conduct was objectively reasonable: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.*

The facts of this case are similar to those in *Hinton v. City of Elwood, Kan.*, 997 F.2d 774 (10th Cir. 1993), in which the Court of Appeals for the Tenth Circuit held that alleged conduct of police in grabbing a suspect, pushing him to the ground, struggling with him, shoving his face into the asphalt, twisting his arm behind his back, and using an electrical stun gun to subdue him was objectively reasonable under the circumstances and, therefore, did not amount to the use of excessive force. *Id.* at 779–80. As in *Hinton*, the crime in this case (vandalism) was not significant. *Id.* at 781. Thus, the first *Graham* Factor weighs in Plaintiff's favor.

In *Hinton*, the Court found that the second factor—immediate threat to the police officer—weighed in Hinton's favor, because he was unarmed, he was outnumbered by the arresting officers, and there was no showing that he was under the influence of alcohol or drugs. *Id.* In this case, while Plaintiff was not outnumbered by police officers, he did pose a threat to Defendant Baca's safety. Plaintiff is not a small man. He is 5' 11" and weighs 185 pounds. *See* Booking Record of March 31, 2009 [Doc. 34-3] at 10. His conduct—claiming that he was "doing God's work," lunging for the officer's badge, and refusing orders to stay down—suggests that he was either under the influence of alcohol or drugs, or perhaps mentally unstable.[2] It cannot be said that he did not pose a threat to Defendant Baca's safety. Thus, the second *Graham* factor weighs in Defendant's favor.

---

[2] Plaintiff's Complaint refers to a diagnosis of "psychosis," but he claims that the diagnosis was "contradicted." Complaint [Doc. 1] at 6.

9

More significantly, however, as in *Hinton*, the third *Graham* factor of resisting arrest strongly supports a finding that Officer Baca's use of force was objectively reasonable. The only significant difference between this case and *Hinton* is that the defendant in *Hinton* admitted he was "actively and openly" resisting arrest when the alleged excessive force was used against him, *Hinton*, 997 F.2d at 781, whereas Mr. Morris denies that he was resisting arrest, Complaint [Doc. 1] at 4. But the video clearly shows that he *was* arresting arrest, or that he was taking actions that Defendant Baca could reasonably have interpreted as resisting arrest. *See Dixon v. Richer*, 922 F.2d 1456, 1462–63 (suspect's conduct in turning around and swearing at the officer could reasonably have been interpreted as resistance to arrest). In *Graham*, the Supreme Court noted that the Fourth Amendment recognizes the right of the police, in making an arrest, "to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. The Taser video and Defendant Baca's affidavit demonstrate that his use of the Taser to subdue the Plaintiff, after Plaintiff had made a threatening lunge at him and had refused to comply with his orders to stay down, was not unreasonable under the circumstances.

In conclusion, I find that Plaintiff has failed to demonstrate that Defendant Baca's conduct amounted to a violation of the law. Since this finding conclusively establishes that Defendant Baca is entitled to qualified immunity, I need not reach the issue of whether the law was clearly established at the time Defendant's conduct occurred.

## CONCLUSION

I find that Defendant Valdez is entitled to summary judgment because the undisputed evidence shows that he had no involvement with the conduct of which Plaintiff complains. I find that Defendant Baca is entitled to qualified immunity because Plaintiff has failed to demonstrate

that his conduct amounted to a violation of the law.  I therefore respectfully recommend that Defendant Valdez and Defendant Baca's motion for summary judgment be granted, that all claims raised against them be dismissed with prejudice, and that this action be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**